| | | | |
|---|---|---|---|
| | AUSA: | Margaret Smith | Telephone: (313) 226-9100 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Jacob Weiss | Telephone: (866) 347-2423 |

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

| | | |
|---|---|---|
| United States of America<br><br>v.<br><br>Davarr Miller | Case No. | Case: 2:26−mj−30141<br>Assigned To : Unassigned<br>Assign. Date : 3/18/2026<br>Description: CMP USA V. MILLER<br>(DJ) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 17, 2026_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) | Possession with intent to distribute cocaine. |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jacob Weiss, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____March 18, 2026_____

_____
*Judge's signature*

City and state:  Detroit, MI

Hon. Kimberly G. Altman, United States Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jacob Weiss, being duly sworn, state as follows:

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI), employed since September 2025. Prior to joining HSI, I served with the Garden City Police Department beginning (2019) and the Livonia Police Department (2017). During this tenure, I spent four years as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), specializing in investigations involving drug trafficking and money laundering. I have received specialized training from the DEA in these subjects and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2. The following is based on my investigation, but does not contain every detail necessary to establish probable cause for a violation of Title 21, United States Code, Section 841, possess with intent to distribute five kilograms or more of cocaine.

### PROBABLE CAUSE

3. On March 17, 2026, I received information from a reliable source that airline passenger **Davarr Miller** DOB: XX/XX/1992 (resident of Detroit, Michigan) was traveling from Los Angeles, California to Detroit, Michigan via Delta Airlines.  He was scheduled to arrive in Detroit, Michigan at 2:52 p.m. **Miller's** ticket was

1

purchased within 24 hours of scheduled departure. Based on my experience and knowledge, I am aware that narcotic traffickers will sometimes book last-minute one-way flights to thwart law enforcement from investigating their travel.

4. Follow up investigative research revealed **Miller** flew from Detroit, Michigan to Los Angeles, California on March 16, 2026, without a checked suitcase.  But he was returning to Detroit, Michigan on March 17, 2026, with a 52-pound suitcase bearing tag #8006984180.  Records revealed that Miller made similar one day trips to California without luggage and returning with luggage in November 2025 and December 2025.

5. I know from training and experience that California is considered a drug source state. I also know that drug traffickers commonly use commercial airlines to transport drugs and/or drug proceeds. Based on **Miller's** last minute flight purchases, short stay in California, and checking a suitcase he did not arrive with, it appeared **Miller** flew to California to retrieve a 52-pound suitcase and transport it back to Michigan via commercial airlines.

6. HSI Special Agents and Task Force Officers (TFO) responded to the Delta gate and intercepted **Miller's** checked suitcase bearing tag #8006984180 as the bag was being off loaded from the plane. The bag tag clearly read "**Miller/Davarr**" on the bag tag.

7. Border Patrol Agent Ryan Sprague and K9 partner Myko completed an open-air sniff of **Miller's** checked suitcase and received a positive indication for the odor of

2

narcotics. K9 Myko is trained and currently certified to alert on the following controlled substances: marijuana, cocaine, heroin, ecstasy, and methamphetamine. Also, several search warrants for multiple state and federal agencies have previously been issued based on Myko's indications and they have been proven to be accurate.

8. Agents transported **Miller's** suitcase to the baggage claim area of the McNamara terminal to ask **Miller** for consent to search the suitcase. Agents observed **Miller** at baggage claim 11. Agents observed **Miller** checking suitcase baggage tags as suitcases came down the baggage claim conveyer.

9. I, along with another agent, approached **Miller** with the suitcase. The other agent identified himself as a HSI Special Agent displaying his badge around his neck. He asked **Miller**, "How's it going Davarr?" **Miller** immediately lied to officers and stated his name was "John." **Miller** began to look towards the exit and began backing away from agents.

10. Due to the canine alert on **Miller's** suitcase, **Miller** being deceitful to officers about his name, and **Miller's** demeanor and movements suggesting a readiness to flee from officers, **Miller** was asked to sit on the floor for questioning, and he agreed.

11. **Miller** told officers the suitcase did not belong to him. Agents explained to **Miller** that the suitcase had his name printed on the tag. When the other agent asked **Miller**, "Do you mind if I look in the suitcase?" **Miller** responded: "Go ahead, look through it."

12. When the agent opened the suitcase, he found a plastic bag containing eleven (11) compressed brick shaped packages consistent with the packaging of controlled substances. I and the other agent placed **Miller** under arrest. A preliminary test of one of the bricks came back positive for cocaine.

## CONCLUSION

13. Based on the foregoing, there is probable cause to believe that on or about March 17, 2026, **Davarr Miller** did knowingly or intentionally possess with intent to distribute a controlled substance (cocaine) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

Respectfully submitted,

_____
Special Agent Jacob Weiss
Homeland Security Investigations

Sworn to before me and signed in my

Presence and/or by reliable electronic means

_____
Honorable Kimberly G. Altman
United States Magistrate Judge
Eastern District of Michigan

Dated:      March 18, 2026

4